IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TINSLEY ARIANA TAYLOR MAKAYLA SARAMOSING, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )  CIV- 21-151-SLP ) |
| HEALTH CARE SERVICE CORPORATION; BLUE CROSS BLUE SHIELD OF OKLAHOMA, a corporation; and DOES 1 through 10, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Tinsley Makayla Saramosing, and submits her Complaint against the above-captioned Defendants, and alleges and states as follows:

### I. PARTIES

1. The Plaintiff in this matter, Tinsley Ariana Taylor Makayla Saramosing (hereinafter "Plaintiff"), is an adult transitioning female, who, for all material times, was residing in Oklahoma County, State of Oklahoma.

2. The Defendant, Health Care Service Corporation, upon information and belief, is a family of companies operating the Blue Cross and Blue Shield plans in Illinois, New Mexico, Oklahoma and Texas.

1

Defendant, Blue Cross Blue Shield of Oklahoma, upon information and belief, is a corporation organized and existing under the laws of Oklahoma and is authorized to transact and is transacting the business of insurance in Oklahoma. Its statutory home office is located at 1400 S Boston, Tulsa, Oklahoma 74119.

3. The true names and capacities, whether individual, corporate, associate or other, of Does 1-10 are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff alleges that each Doe defendant is legally responsible in some manner for the events and happenings referred to herein and will ask leave of this court to insert their true names and capacities when they become known.

## II.     JURISDICTION AND VENUE

Plaintiff seeks relief through her causes of action based on breach of the duty of good faith and fair dealing, as well as the Equal Protection Clause of the 14th Amendment. All of the actions complained of occurred in Oklahoma County, Oklahoma, and the Defendants may be served in that county. Oklahoma County is within the Western District of the United States District Court of Oklahoma and venue is appropriate in this Court.

## III.    FACTS

1. Plaintiff hereby incorporates by reference each of the allegations contained in roman numerals 1 through 3, above.

2. Plaintiff, a female in the process of transitioning, has undergone and will continue to undergo various surgical procedures to make her outer appearance match her inner appearance, and her legal federal and state identification documents that bear her legal name and gender as a female also support fully this.

3. Plaintiff has been forced to personally fund many of the surgical procedures, and the ones Defendant has paid for almost always included multiple denials, have required numerous extensive appeals, and have mandated that Plaintiff make constant requests for assistance through the Oklahoma Insurance Department (OID).

4. Defendant corporations have been charged with covering, and is required to cover, procedures deemed medically necessary.

5. Since at least 2016, Plaintiff was covered under a health insurance policy administered by the Defendant, Member ID YUQ927874715, Group # OS 1602.

6. Since at least 2020, Plaintiff has sought coverage from Defendant for a revision facial feminization surgery (RFFS) and has had the support of her medical and mental health service providers, as the procedure has been deemed medically necessary.

7. Each and every one of Plaintiff's request for coverage and subsequent appeal of the denial of the same has been denied by Defendant, the most recent of which being on July 27, 2020.

8. The constant denials and delays have had a significantly detrimental

effect on Plaintiff's self-esteem, causing severe emotional damage and trauma, as evidenced by statements of her mental health care providers, subsequent anti-anxiety medication and treatment, as well as Plaintiff's own testimony.

9. Plaintiff has been forced to file this lawsuit to recover the benefit she is owed under the health insurance policy and severe emotional damages suffered as a result of Defendant's bad faith denial.

### [COUNT ONE]

### [Breach of the Duty of Good Faith and Fair Dealing]

For her First Cause of Action, Plaintiff hereby adopts the allegations contained in Roman numeral paragraphs one (I) through three (III), and all previous provisions, as if fully restated herein, and further alleges and states:

11. In every insurance policy there exists an implied good faith covenant that the insurance company will not do anything to injure the right of the insured to receive the benefit of the policy. Defendant breached its duty of good faith and fair dealing owed to Plaintiff in the following ways:

    a. Unreasonable and without proper cause refusing to pay the benefit owed under the policy;

    b. Failing to diligently search for evidence to support Plaintiff's claim and instead searching only for ways to deny the claim;

    c. Using false and outdated medical information to support the delays and denials of Plaintiff's claims

    d.  Failing to conduct a reasonable claim investigation;

    e.  Failing to consider Plaintiff's interests as much as its own in handling the claim.

12. Defendants further committed institutional bad faith, amounting to reprehensible conduct because the malfeasance is part of a repeated pattern of grossly unfair practices toward the LGBTQIA+ community and specifically the transgender community, and this not an isolated occurrence. The pattern of unfair practices constitutes a conscious course of wrongful conduct that is firmly grounded in the established highly discriminatory and illegal company policy of Defendant.

13. Defendant's institutional bad faith includes using its claim department to achieve a certain number or percentage of claim denials per year in order to save money and increase profits, to the detriment of Plaintiff.

14.    Defendant's conduct was undertaken, on behalf of Defendant BCBS by its managers or managing agents, who were responsible for claim supervision and operations, communications and decisions. As such, Defendant had advanced knowledge of the actions and conduct of said individuals whose actions and conduct, it ratified, authorized and approved.

15.    As a direct and proximate result of BCBS' breach, Plaintiff has suffered and will continue to suffer damages. These damages include the withheld benefit of the policy, emotional and mental distress and other general and special damages.

16. As a further proximate result of the aforementioned unreasonable conduct of Defendant BCBS, Plaintiff was compelled to retain legal counsel to obtain the benefit due under the policy. Defendant BCBS is therefore liable to Plaintiff for those attorney fees, witness fees, and costs of litigation reasonable necessary and incurred by her in order to obtain the policy's benefit.

17. Defendant BCBS intended its conduct to cause injury to Plaintiff or engaged in despicable conduct carried out with a willful and conscious disregard of her rights. Alternatively, Defendant BCBS' conduct constituted an intentional misrepresentation, deceit of concealment of a material fact known to Defendant BCBS with the intention of depriving Plaintiff of her property, legal rights or of causing other injury. BCBS' conduct therefore constitutes malice, oppression, or fraud, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of BCBS and deter future similar conduct.

### [COUNT TWO]

### [Breach of Contractual Duty to Pay a Covered Insurance Claim]

For her Second Cause of Action, Plaintiff hereby adopts the allegations contained in roman numerical paragraphs one (I) through three (III) as if fully restated herein, and further alleges and states:

18. Plaintiff's revision facial feminization surgical procedure (RFFSP) was medically necessary treatment.

19. BCBS has pledged to cover medically necessary procedures as defined by Plaintiff's policy, yet they failed to pay the claim upon notice of its

medical necessity.

### [COUNT THREE ]

### [Intentional Infliction of Emotional Distress]

For her Third Cause of Action, Plaintiff hereby adopts the allegations contained in Roman numerical paragraphs one (I) through three (III) as if fully restated herein, and further alleges and states:

20. Plaintiff brings state law claims of Intentional Infliction of Emotional Distress as against Defendant.

21. Defendant owed a duty to Plaintiff to not conduct itself in such a manner that would cause Plaintiff to suffer injuries that were foreseeable.

22. Defendant knew or should have known that subjecting Plaintiff to its severe conduct would cause her to incur emotional distress, and the same was a foreseeable consequence of the unlawful conduct.

23. Defendant has wholly failed to perform and otherwise breached its duty owed to Plaintiff.

24. Plaintiff's injuries were a direct and proximate cause of Defendant's

failure to perform such duty to Plaintiff. Due to Defendant's extreme, outrageous and unlawful conduct, Plaintiff has suffered from and continues to endure bouts of anxiety, depression, and mental ailments.

25. As a direct and proximate result of Defendant's actions and conduct, Plaintiff has suffered and will continue to suffer mental pain, mental anguish and emotional distress.

26. As a direct result of Defendant's wrongful acts and conduct, Plaintiff sustained damages and injuries.

27. Defendant's conduct as described herein was intentional and oppressive, and done with a conscious disregard of Plaintiff's rights, which entitles Plaintiff to punitive damages.

## PRAYER FOR RELIEF

Wherefore, for the above and foregoing reasons the Plaintiff respectfully requests that this Court enter judgment against each defendant. The final judgment should set forth the following relief:

1. The benefit due under the policy, plus interest;

2. General and special damages, including damages for emotional and mental distress and prejudgment interest, for Defendants Health Care Services Corporation's and BCBS' breach of the duty of good faith and fair dealing, in an amount to be determined at trial;

3. Upon a finding of bad faith, attorney fees incurred in recovering the benefit due under the policy, that Plaintiff be awarded her costs and expenses in this litigation, including but not limited to reasonable attorney's fees and expert witness fees;

4. Punitive damages for Defendant Health Care Services Corporation and BCBS' oppressive, malicious, or fraudulent breach of the duty of good faith and fair dealing, in an amount to be determined at trial; and

5. That Plaintiff be awarded any and all legal and equitable relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED this 23rd day of FEBRUARY, 2021.**

s/Ge'Andra D. Johnson
Ge'Andra D. Johnson, OBA #32810
Green Johnson Mumina & D'Antonio
400 North Walker Avenue, Suite 100
Oklahoma City, OK 73102
405-702-7228: Telephone
405-702-6898: Facsimile
**ATTORNEY FOR PLAINTIFF
TINSLEY MAKAYLA SARAMOSING**

JURY TRIAL REQUESTED
ATTORNEY LIEN CLAIMED